
FILED
2016 Apr-11  PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH LEE CUNNINGHAM, deceased, et al., </br></br>Plaintiffs,</br></br>v.</br></br>USAA CASUALTY INSURANCE COMPANY,</br></br>Defendant. | CIVIL ACTION NO.</br></br>2:16-cv-325-WMA |

**MEMORANDUM OPINION AND ORDER**

In this action, plaintiffs assert a claim for underinsured motorist benefits against defendant arising out of a fatal automobile accident in Georgia. Plaintiffs allege that Joseph Lee Cunningham, the deceased, was an Alabama citizen before his death. Defendant has moved to dismiss the action for improper venue under Fed. R. Civ. P. 12(b)(3) or for transfer under 28 U.S.C. § 1404(a). Defendant argues that the insurance policy contains a forum selection clause that requires any related legal action to be brought in the state of the insured's residence and that Cunningham actually last lived in Kansas and Georgia, not Alabama. Defendant thus seeks dismissal of the action or transfer to a Kansas or Georgia court. It attached to the motion a copy of the insurance policy and an affidavit regarding Cunningham's last known residence.

Defendant's motion presents two problems. First, the court has scoured the insurance policy submitted but cannot locate the forum

selection clause purportedly quoted by defendant. Defendant's vague citation to "Exhibit A," a forty-four page document, as the source of the quotation is unhelpful.

Second, defendant's assertion of Cunningham's citizenship is directly contrary to the allegations of the complaint, and it relies on a submitted affidavit to support that assertion. When reviewing a Rule 12(b)(3) motion, the court accepts the allegations of the complaint as true, but "only 'to the extent they are uncontroverted by defendant['s] affidavits.'" *Estate of Myhra v. Royal Carribean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012) (quoting *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990)). When the parties submit conflicting affidavits, the court "is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff." *Id.* Plaintiffs, therefore, must be provided an opportunity to submit evidence of their own. Accordingly, the parties are permitted to conduct limited discovery regarding the proper venue of this action. Plaintiffs' response to the motion shall be submitted by **May 9, 2016.** Defendant's reply shall be submitted by **May 16, 2016.**

DONE this 11th day of April, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE