FILED
2016 May-16 PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH LEE CUNNINGHAM, deceased, et al., } } } Plaintiffs, } } v. } } USAA CASUALTY INSURANCE COMPANY, } } } Defendant. } | CIVIL ACTION NO. 2:16-cv-325-WMA |

**MEMORANDUM OPINION AND ORDER**

**THE UNDERSIGNED TO WHOM THIS CASE IS ASSIGNED DOES NOT EMPLOY THE "UNIFORM INITIAL ORDER" FOUND ON THE COURT'S WEBSITE.**

On May 3, 2016, defendant filed a withdrawal of its motion to dismiss or transfer (Doc. 5). That motion is accordingly DENIED as moot. Defendant concurrently filed an answer to plaintiffs' complaint, asserting several affirmative defenses, including, *inter alia*, lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient process, and insufficient service of process. The court finds the latter three grounds waived because defendant omitted them from its original motion asserting only improper venue. *See* Fed. R. Civ. P. 12(h)(1)(A). As to lack of subject-matter jurisdiction, defendant notes in its withdrawal of its motion to dismiss that it contests plaintiffs' allegation that the deceased was an Alabama citizen, thus calling diversity of citizenship into question. This constitutes a factual challenge to subject-matter jurisdiction, which would require the court to weigh

the evidence and factually determine the citizenship of the deceased. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). In the absence of a formal motion or specific citations to evidence, however, the court will not entertain this factual challenge. Defendant of course may make such a motion at any time, but, given the facial sufficiency of plaintiffs' jurisdictional allegations, the court will not undertake the inquiry *sua sponte*.

The parties are hereby reminded that the case is governed by the Federal Rules of Civil Procedure, including local rule variations. The parties should pay particular attention to Fed. R. Civ. P. 26 and 16 and should with their initial report notify the court if the case should be evaluated for proceeding upon any of the tracks provided by the court's Alternative Dispute Resolution Plan.

DONE this 16th day of May, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE